LUCY LATHAM et al., Respondents, *v.* FATHER DIVINE et al., Defendants, and DAVID DIAMOND et al., Individually and as Administrators of the Estate of MARY S. LYON, Deceased, Appellants.

Fourth Department, July 8, 1948.

*Stewart F. Hancock* and *John J. Young* for appellants.

*Philip L. Zenner* and *William W. Lowell* for respondents.

VAUGHAN, J. This case involves appeals by the defendants Regan and Diamond from two orders of the Special Term, Onondaga County, one of which denies a motion of the defendants to transfer the trial of the action to the Surrogate's Court, New York County, and likewise denies a motion of the defendants to dismiss the amended complaint herein upon the ground that it does not state facts sufficient to constitute a cause of action, and the second of which orders restrains the defendants from disbursing funds of the estate of Mary Sheldon Lyon, of which they are administrators *c. t. a.* The motion to dismiss the amended complaint is made under rule 106 of the Rules of Civil Practice.

If it should appear that the amended complaint does not state facts sufficient to constitute a cause of action and that leave to amend would be futile, the appeal from that portion of the first order which denies the motion to transfer the trial of the action becomes academic and the order restraining disbursement of funds would fall along with the complaint. Therefore, first consideration will be given to the sufficiency of the amended complaint and the possibility of adequate amendment thereof if found insufficient.

The amended complaint alleges that the plaintiffs are first cousins of Mary Sheldon Lyon, deceased, hereinafter called the deceased, but does not allege that they are heirs, next of kin or distributees in respect of her estate. It then sets forth various statements of fact tending to show that the defendants other than the trust companies and Regan made certain material and false representations to the deceased and exercised certain improper influence upon her whereby she was induced to execute

a will in the year 1943, by which she practically disinherited all of her relatives and left almost her entire estate to the defendants, Father Divine, Palace Mission, Inc., and Palace Mission, Church & Home, Inc., and that such representations and undue influence were thereafter continued and repeated; that the deceased, after the execution of that will, on several occasions expressed a desire to revoke it and execute a new will by which the plaintiffs would receive a large sum of money and that she had certain attorneys draft a new will in which plaintiffs were named as legatees for approximately $350,000; that the defendants by reason of the false representations and undue influence and by physical force prevented the deceased from executing the will and that the defendants conspired to kill and did kill the deceased for the purpose of preventing the execution of the new will.

It also alleges that the will was offered for probate, contested by the next of kin of the deceased (unnamed) and the contest compromised upon terms unknown to the plaintiffs except that the defendants under the 1943 will were to receive a substantial portion of the estate and Diamond and Regan appointed administrators, *c. t. a.* (The contestant was the brother of the deceased.)

There are other allegations of the complaint which are not pertinent to the question of its sufficiency so far as the defendants alleged to be wrongdoers are concerned. The relief asked for is that the defendants be declared constructive trustees in favor of the plaintiffs of the assets of the estate and required to pay them over to the plaintiffs.

There can be no question but that the complaint sufficiently alleges the wrongful exercise of force, fraud and undue influence upon the deceased for the purpose of securing the execution of the 1943 will and later prevent its revocation by the execution of the later draft, and there can be no doubt under the case of *Riggs* v. *Palmer* (115 N. Y. 506) but that in an action properly brought by one who would benefit by intestacy and in which the facts set forth in the amended complaint herein were established, the defendants would not be permitted to profit by their wrongdoing and the distributees of the deceased would succeed to the estate. That, however, is not the present case, since the plaintiffs have no interest in the estate as heirs, next of kin or distributees and their sole interest is purely hypothetical. That is to say, their claim of interest is based upon the following assumptions:

1. That the deceased would have executed the will drafted by her attorneys.

2. That at the time of such execution she had testamentary capacity.

3. That she would thereafter have died seized and possessed of a substantial estate applicable to the legacies to the plaintiffs contained in the will.

4. That she would not in the meantime have revoked that will.

5. That the plaintiffs would have survived her. The complaint does not allege that any of these conditions would have been met and in the nature of things it could not properly so allege as they are all in the realm of speculation.

Under these circumstances, the rule announced in *Hutchins* v. *Hutchins* (7 Hill 104) appears to be applicable notwithstanding that that was an action at law whereas the present action is brought in equity.

In the *Hutchins* case (*supra*) a very similar situation was presented in reverse. The plaintiff was named as a devisee in his father's will and contended that the defendants by undue influence and fraud prevailed upon the testator to execute a new will revoking the devise and leaving nothing to the plaintiff. The court held that the complaint was insufficient on demurrer as the mere existence of a will in favor of the plaintiff gave him no interest in the testator's property and, therefore, there was no damage to him as a result of the defendants' acts, his only interest being in the nature of a hope to benefit under the will which might or might not be realized. In the present case, the plaintiffs are not seeking damages for the alleged wrongful acts of the defendants, but ask for equitable relief by the establishment of a trust in their favor. In order to succeed in obtaining the intervention of a court of equity on their behalf, while they need not, it is true, show a legal cause of action, they must at least show an equitable interest in the property which they claim should be subjected to the trust, and this they have not done since any equitable claim is as shadowy and hypothetical as was the legal claim in the *Hutchins* case. Furthermore, the establishment of the trust would amount to establishment of the unexecuted will contrary to the express provisions of the Decedent Estate Law.

It follows that the complaint fails to state facts constituting a cause of action either at law or in equity and that leave to amend could not result in a sufficient pleading. An order should be made reversing the order denying the motion for dis-

missal of the amended complaint and directing its dismissal, dismissing the appeal from the same order insofar as it denies the motion for a transfer of the trial to the Surrogate's Court of New York County, and reversing the order restraining the defendants from disbursing funds of the Mary Sheldon Lyon Estate.

All concur. Present — TAYLOR, P. J., McCURN, LOVE, VAUGHAN and KIMBALL, JJ.

Order insofar as it denies motion to dismiss the amended complaint reversed on the law, with $10 costs and disbursements and motion to dismiss granted, with $10 costs; appeal from the order insofar as it denies transfer of trial from Onondaga County to New York County dismissed, without costs as academic. Order restraining defendants from disbursing funds of the Mary Sheldon Lyon estate reversed on the law and motion denied, with $10 costs.